IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JOSEY R. EDWARDS,** | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19cv00765 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **J. REYNOLDS, *et al.*,** | ) | By:   Hon. Thomas T. Cullen |
| | ) |         **United States District Judge** |
| Defendants. | ) | |

Plaintiff Josey R. Edwards, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging claims of malicious prosecution, civil conspiracy, excessive force, violations of his rights under the U.S. and Virginia Constitutions. This matter is before the court on the Defendants' motions to dismiss and Edwards's motion for summary judgment. After reviewing the record, the court concludes that Edwards's allegations, except those related to an excessive-force claim and a claim of gross negligence, fail to state a cognizable federal claim.[1] Accordingly, the court will grant the Defendants' motions to dismiss in part and deny Edwards's motion for summary judgment.

I.

On January 16, 2018, Defendants S.C. Reed, B. Hurt, J. Renalds,[2] T.C. Clements, and D.L. Couch allegedly conducted a traffic stop of Edwards in Lynchburg, Virginia. Edwards was a passenger in a car parked with two other individuals inside when "a Lynchburg Police

---

[1] The Defendants did not move to dismiss Edwards's excessive-force claim.

[2] Defendant "J. Renalds" is incorrectly listed as "J. Reynolds" in the case caption. The clerk will be directed to correct this clerical error.

Department Officer believed to be [Defendant] Officer S.C. Reed" approached the vehicle on foot and "blinked a flashlight" to get the driver's and Edwards's attention.[3] The driver rolled down her window and the officer "either stated or asked" the driver's and Edwards's names. The driver confirmed her identity and the officer told her she was under arrest. The driver exited the vehicle and Edwards began "tinkering" with the front passenger door as the "door had been sticking in the lock position and took a considerable amount of tinkering to make it unlock." The officer instructed Edwards to place his hands on the dashboard and Edwards states that he "complied with all of these commands." An officer, presumably Defendant Reed, attempted to open the passenger door but was unable to do so. He then instructed Edwards to "step out of the car or exit the car, something of that nature."

Edwards "decided to go out the driver[']s side" and, during the process of exiting the car "was struck really hard in the left side of [his] face," causing his ears to "r[i]ng" and him to "[see] stars." Edwards alleges he was struck a second time but "was never given any warnings." Edwards claims Defendant Deputy Renalds "struck Plaintiff with [his] sidearm in the face" despite "such 'pistol whipping' [being] prohibited by [the] Amherst County Sheriff's Office." Edwards "decided to get out of there in order to survive" and began to drive the vehicle. After Edwards had driven approximately "10 yards," another vehicle, allegedly driven by Defendant Deputy Hurt, blocked the road and "backed into the vehicle [Edwards] was driving." Edwards continued to drive away. The deputies did not pursue him further.

---

[3] There is uncertainty about whose attention the officer (presumably Officer Reed) was attempting to capture when he "blinked a flashlight." Edwards has alleged that the purpose was "to get [the driver's] and my attention."

Officer Reed allegedly swore out the arrest warrant for Edwards and, on January 17, 2018, Defendant Deputies Hurt and Renalds, Major Elliot, and "a few more deputies" allegedly went to Edwards's mother and grandmother's house to execute an arrest warrant for him. Edwards claims the officers entered the home with "assault rifles" drawn. Edwards was not in the home. Edwards alleges that Deputies Renalds and Hurt told Edwards's family "they were going to be zipping [Edwards] up in a body bag" when they found him. Edwards further alleges Deputies Renalds and Hurt said that, "[h]ad [they] been in Amherst last night[,] [Edwards] would be dead."

Edwards was subsequently detained by a Virginia State Trooper on February 12, 2018. The same day, Edwards was arrested on what he alleges are "severely [t]rumped up charges" as "a favor to the Amherst Sheriff's Office."

While in jail, Edwards attempted suicide and was taken to Western State Hospital ("Western State") for medical care. While there, Edwards's x-ray revealed "two teeth had been broken off at the gum line." The dentist at Western State extracted one of the teeth. A dentist at Rockbridge Regional Jail subsequently performed another x-ray and extracted the second tooth.

In January of 2019 Defendants Special Agent Overholt and his partner[4] interviewed Edwards about the traffic stop on January 16, 2018. Edwards alleges this interview was "just another abuse of process and resulted in [Edwards] being indicted on frivolous charges." Edwards further alleges Defendant Sheriff Viar "violated [his] right" by "failing to correct misconduct [of his staff] and encouraging the continuation of misconduct."

---

[4] Defendant Overholt's partner is the unnamed Defendant "VSP Internal Affairs Position."

On April 1, 2019, Edwards was charged with assault and battery of both Deputies Reed and Hurt, as well as felony hit-and-run. On October 15, 2019, Edwards pleaded guilty to the felony hit-and-run and the two assault and battery charges were disposed of by *nolle prosequi*.[5] Edwards alleges that, at that time, the court stated "[Edwards] did not deserve to be convicted for something he did not do."

Edwards alleges the Defendants committed "civil conspiracy, abuse of process, perjury, falsifying [of] evidence and information, malicious prosecution, and gross negligence" violating Edwards's rights under federal and state law. Edwards alleges Officers Hurt and Renalds "used excessive force" against him. Edwards seeks "compensatory damages of $100,000 [from] each defendant jointly and [severally]," as well as "punitive damages of $50,000 [from] each defendant jointly and [severally]."

Edwards filed his complaint in this court on November 15, 2019. (ECF No. 1.) Defendants filed motions to dismiss on July 2 (ECF Nos. 40, 42) and July 6, 2020 (ECF No. 45). Edwards filed a motion for summary judgment on January 19, 2021 (ECF No. 70.) The court has reviewed the pleadings, arguments of the parties, and applicable law, making this matter ripe for disposition.

## II.

### A.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim; "it

---

[5] Records related to Edwards's arrest are publicly available online. Courts may take judicial notice of publicly available records. *See* Fed. R. Evid. 201(b)(2).

does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Legal conclusions in the guise of factual allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level," *id.*, with all the allegations in the complaint taken as true and all reasonable inferences drawn in the plaintiff's favor, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005). Rule 12(b)(6) does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Consequently, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . .

. there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

## B.

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is inappropriate "if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted). In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See id.* at 255; *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). The non-moving party, however, may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874–75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the

merits." *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1315–16 (4th Cir. 1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof, in the form of admissible evidence, that could carry the burden of proof of his claim at trial."); *Sakaria v. Trans World Airlines*, 8 F.3d 164, 171 (4th Cir. 1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment).

### III.

Edwards generally asserts that Defendants violated his First, Fifth, and Sixth Amendment rights. To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of a right guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from the conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988).

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I. The Fifth Amendment guarantees the right to a grand jury, forbids "double jeopardy," and protects citizens against self-incrimination in criminal proceedings as well as requiring the government to compensate citizens when land is taken for public use. U.S. Const. amend. V. The Sixth Amendment guarantees all criminal defendants the right to a "speedy and public trial by an impartial jury[,]" "to be confronted with the witnesses against him[,]" and to "[a]ssistance of [c]ounsel for his defense." U.S. Const. amend. VI. Edwards has failed to allege any facts which implicate any

of his First, Fifth, or Sixth Amendment rights. Accordingly, the court will grant the Defendants' motion to dismiss as to these claims.

## IV.

To the extent Edward's allegations can be construed as a malicious prosecution claim, the claim fails. A § 1983 malicious prosecution claim is a Fourth Amendment claim that "incorporates certain elements of the common law tort." *Lambert v. Williams*, 223 F.3d 257, 261–62 (4th Cir. 2000). To establish a malicious prosecution claim under § 1983, the plaintiff must demonstrate that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (citing *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)). Criminal proceedings have terminated in the plaintiff's favor when the "criminal case against the plaintiff has been disposed of in a way that indicates the plaintiff's innocence." *Snider v. Seung Lee*, 584 F.3d 193, 202 (4th Cir. 2009). When charges are dismissed at the prosecution's request—or *nolle prosequi*—courts "have imposed upon malicious prosecution plaintiffs the affirmative burden of proving that the *nolle prosequi* was entered under circumstances which imply or are consistent with innocence of the accused." *Nicholas v. Wal-Mart Stores, Inc.*, 33 F. App'x 61, 65 (4th Cir. 2002) (citing *Swick v. Liautaud*, 662 N.E.2d 1238, 1243 (Ill.1996)).

Edwards's charges of assault and battery against Officers Hurt and Renalds were terminated *nolle prosequi*. At his hearing, Edwards alleges the court stated that "[Edwards] did not deserve to be convicted for something he did not do." In Virginia, *nolle prosequi* may be granted by the court upon "finding good cause to do so" after a prosecutor moves for such.

*Duggins v. Commonwealth*, 722 S.E.2d 663, 667 (Va. Ct. App. 2012). It is not, however, a discharge from further prosecution. *Id.* at 666. Under Virginia law, a case that terminates *nolle prosequi* "generally does not act as an acquittal." *Commonwealth v. Garrett*, 667 S.E.2d 739, 748 (Va. 2008) (citing *Parker v. McCoy*, 188 S.E.2d 222, 224 (Va. 1972)). It is well established in Virginia that "once the charge is dismissed [*nolle prosequi*], no legal significance can be attached to the fact that the charge was brought." *Id.* (citing *Miller v. Commonwealth*, 234 S.E. 269, 273 (Va. 1977)). A charge must be "disposed of in a way that indicates the plaintiff's innocence" to qualify as favorable termination. *Seung Lee*, 584 F.3d at 202.

Because a *nolle prosequi* is not indicative of the plaintiff's innocence—and because Edwards has failed to plead any facts from which the court could reasonably infer that his charges were dismissed under circumstances that suggest or imply his innocence of those charges—Edwards's claim fails. In short, he is unable to satisfy the favorable-termination element of a malicious prosecution claim. *Evans*, 703 F.3d at 647. Accordingly, the court will grant the Defendants' motions to dismiss as to this claim.

## V.

Edwards also asserts a claim of civil conspiracy. To establish a civil conspiracy under § 1983, a plaintiff must present evidence that the defendants acted "jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right." *Glassman v. Arlington Cnty.*, 628 F.3d 140, 150 (4th Cir. 2010) (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996)). A plaintiff must allege facts that, if taken as true, would establish that each member of the alleged conspiracy shared the same conspiratorial objective. *Hinkle*, 81 F.3d at 421. A plaintiff's factual allegations must reasonably

lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan." *Id.* A plaintiff's allegations must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation. *Id.* at 422.

Edwards has failed to allege facts which would establish or raise an inference that the Defendants acted jointly or in concert with any state actors in this matter, or that some act was done in furtherance of a conspiracy that resulted in the deprivation of Edwards's constitutional rights. Edwards claims do not rise above the level of "rank speculation and conjecture." *Id.* Accordingly, the court will grant the Defendants' motions to dismiss this claim.

## VI.

To the extent Edwards's allegations can be construed as an equal protection claim, it also fails. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause thus directs that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1982). In order to establish an equal protection violation, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Once this showing is made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Veney v. Wyche*, 293 F.3d 726, 730–31 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). To succeed on an equal

protection claim, a plaintiff must set forth "specific, non-conclusory factual allegations that establish improper motive." *Williams v. Hansen*, 326 F.3d 569, 584 (4th Cir. 2003). "[M]ere conclusory assertions" of discriminatory intent are insufficient. *Id.* Edwards has not alleged any facts which indicate he has "been treated differently from others with whom he is similarly situated." *Veney*, 293 F.3d at 730–31. Accordingly, the court will grant the Defendants' motions to dismiss this claim.

## IX.

Edwards also raises a claim of "abuse of process." Under Virginia law, abuse of process is defined as "the wrongful use of process after it has been issued." *Triangle Auto Auction, Inc. v. Cash*, 380 S.E.2d 649, 650 (Va. 1989) (emphasis omitted). "To sustain a cause of action for abuse of process, a plaintiff must plead and prove: (1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." *Donohoe Constr. Co. v. Mt. Vernon Assocs.*, 369 S.E.2d 857, 862 (Va. 1988). Edwards has not alleged any facts which would support a claim of abuse of process. Edwards alleges only that Virginia State Police Internal Affairs investigator Overholt and his partner "interviewed" Edwards and that this interview was "just another abuse of process and resulted in Edwards being indicted on frivolous charges." Accordingly, the court will grant the Defendants' motions to dismiss this claim.

## X.

Edwards raises claims of perjury and falsifying evidence and information against the Defendants. Although perjury is a crime in Virginia, it cannot form the basis of a tort claim. Va. Code § 18.2-434*; Tanksley v. Rose*, No. 3:19CV229-HEH, 2020 WL 89692, at *5 (E.D. Va.

Jan. 7, 2020) ("However, with regard to any such potential perjury claim, no civil cause of action exists."). Moreover, "No citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citation omitted). A citizen does not have a judicially recognized interest in the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, Edwards does not have a cognizable legal interest in the criminal investigation or prosecution of the individuals who he alleges have committed crimes against him. Consequently, the court cannot find that his complaints give rise to any claim under § 1983. Accordingly, the court will grant the Defendants' motions to dismiss this claim.

## XI.

Edwards alleges gross negligence against the Defendants. "Gross negligence is a degree of negligence showing indifference to another and an utter disregard of prudence that amounts to a complete neglect of the safety of such other person." *Elliott v. Carter*, 791 S.E.2d 730, 732 (Va. 2016) (internal quotation marks omitted) (quoting *Cowan v. Hospice Support Care, Inc.*, 603 S.E.2d 916, 918 (Va. 2004)). "Gross negligence requires a degree of negligence that would shock fair-minded persons, although demonstrating something less than willful recklessness." *Id.* at 731 (quoting *Cowan*, 603 S.E.2d. at 918) (internal quotations omitted). The question of gross negligence is a matter of fact to be decided by a jury unless "reasonable minds could not differ upon the conclusion." *Id.* at 733 (quoting *Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va. 1987)). A gross negligence claim fails as a matter of law if "the evidence shows that the defendants exercised some degree of care." *Id.* at 734 (citing *Colby v. Boyden*, 400 S.E.2d 184, 189 (Va. 1991)). In viewing the evidence in the light most favorable to Edwards, there is a

question of fact as to whether Defendant Deputy Hurt exercised some degree of care when he "backed into the vehicle [Edwards] was driving."

But Edwards has not alleged facts to support a gross negligence claim against Defendants J. Renalds, Earnest Viar, Jr., S.C. Reed, D.L. Couch, T.C. Clements, R. Clay Overholt, Chief Ryan Zuidema, or Inv. Elliott. The allegation that B. Hurt intentionally crashed a car into him, however, does state a claim. Therefore, the court will deny the motion to dismiss the gross negligence claim as to Hurt but grant it as to all other Defendants.

## XII.

Edwards claims Defendants violated his rights under the Virginia Constitution. In order to maintain a private cause of action under the Virginia Constitution, the plaintiff must reference a self-executing provision of the Virginia Constitution or "associated legislation" permitting a private cause of action. *Delk v. Moran*, 7:16CV00554, 2019 WL 1370880, at \*4 (W.D. Va. Mar. 26, 2019). Edwards has not, however, specified any applicable state constitutional provisions, nor has he pleaded any facts to show that the Virginia Constitution prohibited the Defendants' conduct. Consequently, the court cannot find that his complaints of violations of the Virginia Constitution give rise to any cognizable claim. Accordingly, the court will grant the Defendants' motions to dismiss this claim.

## XIII.

Edwards has moved for summary judgment.[6] Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant

---

[6] Edwards does not specify on which claims he is moving for summary judgment. He vaguely references several claims throughout his motion.

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party asserting that there is no genuine dispute must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A). Given that Edwards "argues that there are still issues of material fact and defendants have only denied or claim[ed] they acted lawfully," the court will deny the motion for summary judgment on the claim of excessive force and gross negligence without prejudice. The court will deny Edwards's motion for summary judgment on rest of his allegations as they fail to state a claim.

## XIV.

Edwards also fails to state a claim against the Defendants because he does not identify any personal involvement by Defendants Viar, Reed, Couch, Clements, Overholt, Zuidema, and Elliot which would give rise to a claim. "To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal

involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Failure to allege personal involvement by the defendants is fatal to a claim and warrants a grant of summary judgment. *Vinnedge* 550 F.2d at 928 (internal citations omitted) (finding that as there was a failure "to allege any personal connection" and that the action, therefore, "must fail").

The only allegations against Officers Clements and Couch is that they were present during the January 16, 2018 traffic stop. The only allegations against Officer Reed are that he was also present at the January 16, 2018 stop, and that he was involved in obtaining an arrest warrant against Edwards. There are no factual allegations linking a claim to Chief Zuidema or Major Elliott. Edwards alleges only that Sheriff Viar "fail[ed] to correct misconduct," but does not allege any facts supporting that Sheriff Viar had knowledge of any alleged violations or that he was deliberately indifferent or tacitly authorized the actions.[7] Special Agent Overholt and the VSP Internal Affairs Division Supervisor[8] are alleged only to have interviewed Edwards about the January 16, 2018, traffic stop. Edwards fails to allege that these Defendants

---

[7] Insofar as Edwards's allegations could be interpreted as a claim of supervisory liability against Sheriff Viar, this claim also fails. A supervisor may be held liable for the constitutional violations of their subordinates only when the supervisor "demonstrated deliberate indifference to, or tacit authorization of, the conduct of [their] subordinates." *Bradshaw v. Harden*, 401 F. App'x 805, 807 (4th Cir. 2010) (citing *Slakan v. Porter*, 737 F.2d 368, 372–73 (4th Cir. 1984)). The plaintiff must show both that the action resulted from "an official policy or custom for which the official was responsible" and that the supervisor "was aware of a pervasive, unreasonable risk of harm" from "a specified source and [the supervisor] failed to take corrective action himself out of his own deliberate indifference or his tacit authorization of inaction by subordinates." *Bradshaw v. Harden*, No. 7:10CV00225, 2010 WL 2754319, at *3 (W.D. Va. July 12, 2010) (citing *Slakan* 737 F.2d at 372–73), *aff'd*, 401 F. App'x 805 (4th Cir. 2010). Edwards has not alleged any facts which would support a claim of supervisory liability.

[8] The identity of "VSP Internal Affairs Division Supervisor" is unknown to Edwards. The only allegations against them are that he/she was present at the interview on January 16, 2018, with Special Agent Overholt.

personally took any actions to violate his rights and, therefore, he has failed to state a claim against them. Accordingly, these Defendants' motions to dismiss are granted.[9]

## XV.

For the reasons discussed, the court will grant the Defendants' motions to dismiss Edwards's complaints of violations of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution, malicious prosecution, civil conspiracy, abuse of process, perjury and falsifying evidence and information, gross negligence, and violations of the Virginia Constitution. The motion is denied with respect to the gross-negligence claim against Hurt. The court will deny Edwards's motion for summary without prejudice. Accordingly, Edwards's claim of excessive force against Defendants Hurt and Renalds and a claim of gross negligence against Defendant Hurt are the only remaining claims.

**ENTERED** this 30th day of March, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE

---

[9] Defendants Hurt and Renalds have not moved to dismiss the claims against them for lack of personal involvement and, therefore, are not dismissed from this action.